{¶ 26} While I concur in the decision to reverse and remand this action, I do so solely on the grounds that once appellant's counsel moved the court to allow him to withdraw, the trial court should have inquired into the matter on the record to assure that appellant received effective and adequate counsel. The issue is not whether and when a defendant can speak. Rather, in this case the question is whether appellant could continue to provide effective and adequate counsel after moving to withdraw as counsel. See State v. Williams, 99 Ohio St.3d 493,2003-Ohio-4396, at ¶ 135 (Substitution of counsel is warranted where "a breakdown of the attorney-client relationship * * * is so severe as to jeopardize the defendant's right to effective assistance of counsel").
 {¶ 27} In the instant matter, appellant's attorney motioned the court to withdraw as attorney of record, expressing doubt to the court that he could effectively represent appellant's interests due to a breakdown in communication between them. The court did not address this issue before denying defense counsel's motion. If the breakdown in the relationship between appellant and her trial counsel prevented that attorney from *Page 7 
effectively advising appellant on the effects of pleading guilty, the knowing and voluntary character of her plea becomes an issue that, at a minimum, deserved more consideration at the trial level. Without effective counsel, appellant could not knowingly waive her right to raise the issue currently before us. While the lower court's concern for its docket and scheduling is understandable and admirable, the withdrawal of counsel issue in this case deserved further consideration.